In the United States District Court
for the Southern District of Illinois

| | | |
|---|---|---|
| David Kenerley, individually and on behalf of all others similarly situated, | : : : : | 03-cv-770 GPM |
| Plaintiff, | : : | |
| -against- | : : | |
| Templeton Funds, Inc. and Templeton Global Advisors Limited, | : : : | |
| Defendants. | : : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION TO TRANSFER**

Pollack & Kaminsky
114 West 47th Street
New York, New York 10036
Tel.: (212) 575-4700
Fax: (212) 575-6560

-and-

Armstrong Teasdale LLP
One Metropolitan Square
Suite 2600
St. Louis, Missouri 63102-2740
Tel.: (314) 621-5070
Fax: (314) 621-5065

*Attorneys for Defendants
    Templeton Funds, Inc., and
    Templeton Global Advisors Limited*

### Preface

Defendants Templeton Funds, Inc. and Templeton Global Advisors, Ltd. (collectively, "Templeton") move, pursuant to 28 U.S.C. § 1404(a), to transfer the action against them to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

On March 29, 2004, Judge Reagan, pursuant to 28 U.S.C. § 1404(a), transferred Cullen v. Templeton Growth Fund, Inc. and Templeton Global Advisors, Ltd., 03-cv-0859, a virtually identical action, to the Southern District of Florida (Fort Lauderdale Division). The only difference in Cullen is that a different fund in the Franklin-Templeton complex is involved, but both funds are Maryland corporations with principal places of business in Fort Lauderdale, Florida. As the Court found in Cullen, pp. 4-5:

> "Neither Defendant has an office or place of business in the Southern District of Illinois. Defendant Templeton Growth (a Maryland corporation) maintains its principal place of business in Fort Lauderdale, Florida. Defendant Global Advisors is a Bahamas corporation with its principal place of business in Nassau, Bahamas. No Templeton records are kept in the Southern District of Illinois. Not one of the nearly 6500 employees of Templeton and its affiliates resides in the Southern District of Illinois. The materials before this Court suggest that both Defendants' witnesses (party and non-party) live and/or work in Florida, in the Fort Lauderdale area or in nearby Nassau. [footnote omitted]
>
> Moreover, the conduct challenged in Cullen's complaint did not occur in the Southern District of Illinois. Where the facts giving rise to the action have no significant connection to the plaintiff's chosen forum (as here), the plaintiff's choice is accorded less deference."

The Court should find the same here, and, likewise, transfer this action to the Southern District of Florida.

## Preliminary Statement

Neither Templeton defendant has an office or a place of business in the Southern District of Illinois. No witness for Templeton resides or works in the Southern District of Illinois, and no documents or records of Templeton are maintained in the Southern District of Illinois. None of the 6,465 employees of Templeton and its affiliates resides in the Southern District of Illinois. No defendant had any dealings with plaintiff in the Southern District of Illinois. None of the challenged conduct took place in the Southern District of Illinois.

By way of contrast, defendants Templeton Funds, Inc. and Templeton Global Advisors, Ltd. have their headquarter offices and principal places of business in the Southern District of Florida (Fort Lauderdale Division) and nearby Nassau, Bahamas, respectively, as plaintiffs recognize (Complaint, ¶¶ 6-7). The defendants' non-party witnesses and party witnesses have homes and/or work in Florida (particularly Fort Lauderdale) or in nearby Nassau. The Southern District of Florida (Fort Lauderdale Division) is far more convenient for Templeton and non-party witnesses than the Southern District of Illinois.

Templeton consents to defend this action in the Fort Lauderdale Division of the Southern District of Florida.

## The Legal Standard:  § 1404(a)

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A motion pursuant to § 1404(a) should be granted upon a showing that: (1) venue would be proper in the transferee district, and (2) transfer will serve the convenience of the parties and the witnesses, and is in the interests of justice. Cullen, p.3; Nelson v. A I M Advisors, Inc., 2002 WL

442189 at *3 (S.D. Ill. March 8, 2002) (Reagan, J.).[1]  "In evaluating the convenience and fairness of transfer under Section 1404(a), a court should consider both the private interests of the parties and the public interests of the court." Georgouses v. NaTec Resources, Inc., 963 F.Supp. 728, 730 (N.D. Ill. 1997) (Gettleman, J.).

### a. **Private Interest Factors**

The private interest factors to be considered by the Court focus on the convenience of the witnesses and parties.  "Most often the controlling factor for Section 1404(a) purposes is 'convenience of witnesses' — an analysis that looks at the persons who will be required to take time away from their respective home bases and activities to deal with trial preparation ... and with trial." Riviera Fin. v. Trucking Servs., Inc., 904 F.Supp. 837, 839 (N.D. Ill. 1995) (Shadur, J.); see also Nelson, at **4-5.

In evaluating the convenience of the witnesses and parties, courts take into account the location of the witnesses and parties and the events at issue.  As the Court found in Nelson (at **3-4), "where a plaintiff alleges a nationwide class action, 'plaintiff's home forum is irrelevant' ... the Court finds Plaintiffs' choice of forum to be irrelevant." See also: Cullen, at p.3; Georgouses, 963 F.Supp. at 730; Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 621 F.Supp. 780, 782 (N.D. Ill. 1985) (Rovner, J.).[2]

---

[1] In Nelson (at **4-5) — an action brought by the same law firm that represents plaintiff in this action — this Court transferred the cases against various mutual fund complex defendants to the districts where they were headquartered, where the relevant events occurred and where unwilling witnesses would be subject to the subpoena power of the Court.  The Court should do likewise here. Cf. Miller v. Mitchell Hutchins Asset Management, Inc., No. 01-cv-0192-DRH (S.D. Ill. November 9, 2001).

[2] As the Supreme Court explained in Koster v. (American) Lumbermens Mut. Casualty Co., 330 U.S. 518 (1947):

(continued...)

In Nelson (at *4), the Court also considered the availability of compulsory process to ensure the testimony at trial of any unwilling witnesses, and found that "the courts to which Defendants seek transfer have infinitely more power than this Court to compel the appearance of unwilling witnesses at trial since all of the witnesses reside in or within close proximity to the transferee districts." See also Goodin v. Burlington N.R.R. Co., 698 F.Supp. 157, 159 (S.D. Ill. 1988).

Moreover, as this Court held in Nelson (at *4):  "all material facts surrounding the management of the various mutual funds occurred in the district to which they seek to transfer." See also Georgouses, 963 F.Supp. at 731.  When the conduct and events giving rise to a cause of action did not occur in the forum selected by the plaintiff, the plaintiff's choice of forum is accorded minimal value, even if it is the plaintiff's home forum.  Chicago, Rock Island & Pac. R.R. Co. v. Igoe, 220 F.2d 299, 304 (7th Cir. 1955).

### b. Public Interest Factors

The public interest factors that courts consider for transfer include (a) the relation of the community to the occurrence at issue in the litigation and the desirability of resolving controversies in their locale; (b) the court's familiarity with applicable law; and (c) the congestion of the respective court dockets and the prospect for earlier trial.  See Nelson, at *5.

---

[2](...continued)
"where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened."

at 524.  Although Koster decided the issue under the common law doctrine of forum non conveniens prior to the enactment of 28 U.S.C. § 1404(a), the holding "applies a fortiori to the balancing calculus of Section 1404(a), which displays less solicitude for plaintiff's choice of forum than its common law precursor."  CFTC v. First Nat'l Monetary Corp., 565 F.Supp. 30, 33 (N.D. Ill. 1983) (Shadur, J.).

4

## ARGUMENT

### The action against Templeton should be transferred to the Southern District of Florida, Fort Lauderdale Division.

Under the foregoing standard, the Southern District of Florida, Fort Lauderdale Division is a more convenient forum for the action against Templeton, and the interest of justice will be served best by a transfer of the action against it to that district.

Indeed, weighing the private and public interest factors detailed above, courts have routinely transferred cases involving the management of fund(s) to districts where the defendants' places of business are located since they have the most relevant connections to the parties and witnesses. See Nelson, supra at **4-6; Green v. Fund Asset Management L.P., No. 96 11276-NG (D.Mass. July 15, 1997); Green v. Nuveen Advisory Corp., No. 96-11277-NG (D.Mass. June 10, 1997); Blatt v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 93-0856-IEG at 3 (S.D. Cal. April 22, 1994); Krinsk v. Fund Asset Management, Inc., No. 85-1268-GT (CM) (S.D. Cal. Oct. 10, 1985). Copies of the opinions are annexed hereto as Appendix A.

### a.    The Action Could Have Been Brought in the Southern District of Florida, Fort Lauderdale Division as against Templeton.

An action could have been brought in the Southern District of Florida, Fort Lauderdale Division. Thus, this Court has authority under § 1404(a) to transfer this action against Templeton to that district.

### b. The Private Interest Factors Favor Transfer

1. **availability and convenience of witnesses** — All the most pertinent witnesses —

5

especially the officers and employees of Templeton and its affiliates with direct knowledge about market timing policies and the valuation of the foreign securities held by the Templeton Fund involved in this action — reside and/or work in or near the Southern District of Florida, Fort Lauderdale Division.[3] Thus, very little or no airplane travel would be required of the witnesses to attend a trial there — unlike the Southern District of Illinois. Indeed, a transfer would help ensure that all those witnesses will appear at the trial. That assurance would not exist for a trial in the Southern District of Illinois.

A trial in Fort Lauderdale would be much more convenient for witnesses who work in Nassau, Bahamas, who are only 30 minutes away (by plane). Indeed, they could continue their work without a major disruption. The opposite would be true for a proceeding in the Southern District of Illinois. The attendance of those persons at a trial in Illinois would require those persons to be absent from their work for an indefinite period. There is also no direct plane link between St. Louis and Nassau, Bahamas; a trip between those cities would take at least five hours and involve a change of planes. Obviously, any disruption in the work of the persons managing the Fund because of travel would not benefit the Fund or its stockholders. See, e.g. Trans-United Indus., Inc. v. Renard Lin. & Rug Co., 212 F.Supp. 373 (W.D. Pa. 1962).

Furthermore, designated directors of the Fund have homes[4] and/or have important fund-related business dealings in Florida (including the Southern District). Thus, it will be much easier to subpoena them there as well as more convenient for them to appear there rather than in the Southern District of Illinois.

---

[3] The subject matters of their testimony are listed in Appendix B.

[4] The fact that a defendant had a home and place of business in Florida supported transfer to the Southern District of Florida even though he was a resident of another state. Pan American Bank v. Gully, 220 F.Supp. 405 (W.D.Pa. 1963).

Finally, plaintiff David Kenerley himself will not be providing important testimony at the trial. He is allegedly the record owner of only one of the over 277,000 shareholder accounts[5] of the Fund and has no first-hand knowledge of the challenged conduct.

**2.      the location of parties and relevant documents** — Templeton is located in the Southern District of Florida, Fort Lauderdale Division, and in nearby Nassau, Bahamas. It has no office in the Southern District of Illinois. None of the 6,465 employees of Templeton and affiliates resides in the Southern District of Illinois.

Templeton does not maintain any of its documents or records in the Southern District of Illinois. It maintains relevant documents and records in the Southern District of Florida, Fort Lauderdale Division.

**3.      the location of the material events** – None of the events or transactions material to the claims against Templeton occurred in the Southern District of Illinois. They occurred, to a substantial extent, in the Southern District of Florida, Fort Lauderdale Division. There, Fund board meetings took place and other challenged conduct — in particular, fund trading, fair value pricing, and surveillance for market timers — occurred.

**4.      plaintiff's choice of forum** – Since plaintiff purports to bring a class action, the plaintiff's choice of forum is entitled to no weight on this motion.[6] In addition, plaintiff's choice of forum should be accorded little or no weight since his testimony will not be significantly involved in the adjudication of his claims, and "there is no special relation between this community and the

---

[5]  This and other financial information about the Fund is as of November 30, 2003.

[6]  Defendants contend that plaintiff's action, although styled by him as a "class action", is actually a derivative action on behalf of the Fund in which he owned shares. However, even if plaintiff's contention is upheld, plaintiff's choice of forum is also entitled to less weight in derivative actions, just as in class actions. See Koster, 330 U.S. at 524 (claim of named plaintiff in derivative action that "a forum is appropriate merely because it is his home forum is considerably weakened").

alleged occurrences." <u>Nelson</u>, at *5.  In fact,  Mr. Kenerley is attacking business practices of Templeton of which he has no first-hand knowledge.  The Complaint does not mention a single act by Mr. Kenerley as part of his claims.  Thus, the convenience of Mr. Kenerley is plainly secondary to that of the witnesses and Templeton, whose testimony will be critical for the determination of this action.

### c.  **The Public Interest Factors Favor Transfer**

**1.**      **the desirability of resolving controversies where they occur** – None of the conduct at issue in this action took place in the Southern District of Illinois.  Extensive challenged conduct of Templeton occurred in the Southern District of Florida, Fort Lauderdale Division.

In addition, only a minuscule number of the putative class members and shareholders of the Fund reside in the Southern District of Illinois.  Only about .29% of the shareholder accounts of the Fund are owned by shareholders in the Southern District of Illinois.  Only .26% of the shares of the Fund are held in those accounts.  Thus, the Southern District of Illinois has little, if any, direct interest in the outcome of this action.

**2.**      **the Court's familiarity with the applicable law** – Illinois law is not directly involved in this action.  Further, any common law breach of fiduciary duty claim will be governed by the law of a jurisdiction other than Illinois.

**3.**      **expeditious prosecution of action** –  Judge Reagan found in <u>Cullen</u> (p.5) that "[o]fficial statistics for the United States District Courts ... indicate that [<u>Cullen</u>] likely will be more quickly resolved if transferred to the Southern District of Florida than if kept in the Southern District of Illinois."  The same holds true here.

Similarly to <u>Cullen</u>, the Court has placed this action on the "D Track" indicating that its likely

trial will be in 24 months with a presumptive trial month of August 2005.  See Court Order, dated January 27, 2004.  The median time from filing to trial in the Southern District of Florida was 18.3 months. (www.uscourts.gov./library/statistical reports).  The median time from filing to trial in the Southern District of Illinois was 23 months.

**Conclusion**

For the foregoing reasons, Defendants Templeton Funds, Inc. and Templeton Global Advisors Limited respectfully request that the Court transfer the action against them to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

Dated:  April 1, 2004

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By: s/ Frank N. Gundlach
Frank N. Gundlach
Glenn E. Davis
One Metropolitan Square
Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (Facsimile)

and

Daniel A. Pollack
Martin I. Kaminsky
Edward T. McDermott
Anthony Zaccaria
POLLACK & KAMINSKY
114 West 47th Street
New York, New York 10036
(212) 575-4700
(212) 575-6560 (Facsimile)

Attorneys for Defendants
  Templeton Funds, Inc. and
  Templeton Global Advisors Limited

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Eugene Barash
Korein Tillery
701 Market Street
St. Louis, Missouri  63101

Stephen M. Tillery
Korein Tillery
10 Executive Woods Court
Swansea, Illinois  62226

George A. Zelcs
Korein Tillery
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois  60602

Andrew S. Friedman
Bonnett, Fairbourn, Friedman
 & Balint, P.C.
2901 N. Central Ave., Ste. 1000
Phoenix, Arizona  85012

I hereby certify that on this 2nd day of April, 2004, I mailed by United States Postal Service, the foregoing to the following non-registered participants:

Francis J. Balint, Jr.
Bonnett, Fairbourn, Friedman
 & Balint, P.C.
2901 N. Central Ave., Ste. 1000
Phoenix, Arizona  85012

***Attorneys for Plaintiff and the Class***

s/ Frank N. Gundlach